**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NIKA CAMAJ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br>PATRICIA HYDE, Field Office Director,<br>MICHAEL KROL, HSI New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>　　　　　　　　Respondents. | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

### INTRODUCTION

1. Petitioner Nika Camaj is a stateless individual with a final order of removal dated April 4, 2019. On information and belief, he was unlawfully detained by federal immigration agents on or about March 27, 2025.

2. Petitioner asks this Court to find that he is unlawfully detained and order his release.

3. Absent an order from this Court, Petitioner will remain detained indefinitely as there is no significant likelihood of removal of the Petitioner in the reasonably foreseeable future.

4. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

1

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper because Petitioner is detained at Plymouth County Correctional Facility in Plymouth, Massachusetts, which is within the jurisdiction of this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

7. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

8. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES AND FACTS ALLEGED

9. Petitioner Nika Camaj resided in Yonkers, New York, prior to his detention.

10. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement ("ICE").

11. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for ICE.

12. Respondent Todd Lyons is the Acting Director of ICE.

13. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

14. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and on information and belief, is petitioner's immediate custodian.

15. All respondents are named in their official capacities.

## STATEMENT OF FACTS

16. Petitioner is a 50-year-old stateless individual with no recognized citizenship in any country.

17. Petitioner has a final order of removal dated April 4, 2019.  On information and belief, he was detained without cause by ICE agents on or about March 27, 2025.

18. Petitioner has a United States Citizen daughter who is about 19 years old and two United States Citizen parents who are reaching advanced age.

19. Petitioner was born July 26, 1975 in Italy. Petitioner is not a citizen of Italy because his parents were living in refuge at the time. In 1976, Petitioner and family were deported back to what was then the country of Yugoslavia (the "Former Yugoslavia").

20. Petitioner entered the United States as a nonimmigrant visitor on or about April 23, 1985, and has since been living in the United States.

21. Petitioner was a derivative on his father's asylum application filed with United States Citizenship and Immigration Services ("USCIS"). That asylum application was granted on or about February 28, 1996. Because of Petitioner's criminal conviction, he was placed into removal proceedings and received a final order of removal on April 4, 2019, and was ordered removed to Montenegro.

22. Petitioner does not have any legal status in Montenegro, Former Yugoslavia.

3

23. Petitioner cannot apply for legal status in Montenegro based on his parents' birth in Former Yugoslavia. Petitioner's parents current U.S. citizenship disqualifies Petitioner from obtaining Montenegrin citizenship by descent as Montenegro does not permit dual citizenship.

24. Based on information and belief, the Petitioner has resided in the United States under an order of supervision since his April 2019 order of removal.

25. On or about March 27, 2025, Petitioner was detained by ICE without cause and has been in custody ever since.

26. On December 17, 2025, Petitioner, through counsel, filed a I-246 Stay of Removal application which was rejected because Petitioner was not in possession of a valid passport. But this is a requirement that is impossible for the Petitioner to meet. Petitioner submitted evidence in support of a custody review on the same day.

27. Based on the above, there is not a significant likelihood of removal of the Petitioner in the foreseeable future.

## LEGAL FRAMEWORK

28. When a noncitizen has a final order of removal, federal immigration law provides a limited period for removal and potential continued detention. Under 8 U.S.C. § 1231(a)(2)-(3), the government ordinarily has a 90-day "removal period" to execute the removal, during which detention is mandatory.

29. When a noncitizen is not removed from the United States within the removal period, the noncitizen can be released under supervision under 8 U.S.C. § 1231(a)(3) & (6).

30. The Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), set limits on the length of post-order detention under § 1231(a)(6). Namely it limits an alien's detention to a period

reasonably necessary to bring about that alien's removal from the United States, and does not permit indefinite detention. *Zadvydas*, 533 U.S. at 688-699.

31. After a "presumptively reasonable period of detention" of six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

32. The allegations in the above paragraphs are realleged and incorporated herein.

33. On information and belief, Petitioner is currently being detained by federal agents without cause and in violation of his constitutional rights to due process of law.

34. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order Respondents to desist from transferring him outside of this District;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5)     Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

and

(6)     Grant any further relief this Court deems just and proper.

Respectfully submitted,

By his attorneys,

/s/ Benjamin B. Tymann
Benjamin B. Tymann (BBO No. 652011)
Tymann, Davis & Duffy LLP
45 Bromfield Street
Boston, MA 02108
Tel. 617.835.8850
btymann@tddlegal.com
*Counsel for Petitioner*

/s/ Matthew Gonnella
Matthew Gonnella (BBO No. 703448)
Gonnella Law
200 Rivers Edge Dr., 3rd Floor
Medford, MA 02155
Tel. 617.256.1914
matthew@gonnellalaw.com
*Pro hac pending*

Dated: January 2, 2026