UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NIKA CAMAJ,

Petitioner,

v.

ANTONE MONIZ, Superintendent Plymouth
County Correctional Facility, *et al*.
Respondents.

No. 1:26-cv-10011-AK

## RESPONDENTS' OPPOSITION TO PETITIONER'S HABEAS PETITION

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this response to the Petition for Writ of Habeas Corpus filed by Nika Camaj ("Petitioner"). ECF No. 1, Petition for Writ of Habeas Corpus ("Petition"). Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules governing Section 2254 cases. The Petition should be denied. Petitioner is subject to an administratively final removal order, and thus, his detention is governed by 8 U.S.C. § 1231(a) and is constitutionally permissible.

## BACKGROUND

### A. Uncontested Facts Alleged by Petitioner

Petitioner is 50-year-old who was born in Italy. ECF No. 1 ¶ 9. Petitioner entered the United States as a nonimmigrant visitor on or about April 23, 1985. *Id*. ¶ 20. Petitioner was granted asylum in February 1996. *See id*. ¶ 21. Because of Petitioner's criminal conviction, he was placed into

removal proceedings and received a final order of removal on April 4, 2019, and was ordered removed to Montenegro. *Id*. ¶ 17, 21. ICE detained Petitioner in March of 2025. *See id*. ¶ 17.

**B. ICE Declaration**

On or about April 23, 1985, the former Immigration and Naturalization Service ("INS") admitted Petitioner on a nonimmigrant B-2 visa in New York, New York. Exhibit 1, Declaration for Assistant Field Office Director Keith Chan ¶ 6. On or about February 15, 1996, the INS granted Petitioner asylum. *Id*. ¶ 7.

On or about April 26, 2000, the Rensselaer County Criminal Court in Troy, New York entered a conviction against Petitioner for the crime of burglary in the third degree. The Court ordered Petitioner to serve 2 1/3 to 7 years in prison. *Id*. ¶ 9. On or about October 23, 2003, the Westchester County Court in White Plains, New York entered a conviction against Petitioner for the crime of possession of a controlled substance in the seventh degree. *Id*. ¶ 9. The Court ordered Petitioner to be placed on probation for a period of 3 years. *Id*.

On or about October 16, 2013, U.S. Citizenship and Immigration Services ("CIS") mailed Petitioner a notice of intent to terminate his asylum status because Petitioner's burglary conviction qualified as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(ii) as defined in 8 U.S.C. § 1101(a)(43)(G). *Id*. ¶ 10. On the same date, ICE issued Petitioner a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as defined in 8 U.S.C. § 1101(a)(43)(G). *Id*. ¶ 11. The NTA further alleged that Petitioner was not a citizen or national of the United States, and that he is a native of Italy and a citizen of Montenegro. *Id*. ICE also issued Petitioner Form I-200, Warrant for Arrest of Alien, and Form I-286, Notice of Custody Determination, informing Petitioner he would be released on an order of recognizance. *Id*. Thereafter, ICE released Petitioner on an order of recognizance pending the resolution of the

removal proceedings. On or about April 9, 2014, the New York Immigration Court accepted the NTA, initiating removal proceedings under 8 U.S.C. § 1229a. *Id*. ¶ 12.

On or about September 19, 2018, the United States District Court for the Eastern District of New York entered a conviction against Petitioner for the crime of conspiracy to distribute marijuana. *Id*. ¶ 13. The Court sentenced Petitioner to time served. *Id*. On or about April 4, 2019, an Immigration Judge in the New York Immigration Court ordered Petitioner removed to Montenegro. *Id*. ¶ 14. Petitioner reserved appeal of this decision before the Board of Immigration Appeals, but he failed to perfect an appeal. *Id*. Accordingly, the April 4, 2019 removal order is administratively final. *Id*. Petitioner remained released on his own recognizance. *Id*. ¶ 15. ICE has no evidence that an Order of Supervision was issued at any time since the final order of removal was entered. *Id*. On or about September 13, 2023, the United States District Court for the Southern District of New York entered a conviction against Petitioner for the crime of wire fraud. *Id*. ¶ 16. The Court ordered Petitioner to serve 21 months in prison, followed by 2 years of supervised release. *Id*. The Court also ordered Petitioner to pay restitution in the amount of $457, 050. *Id*.

On or about March 28, 2025, the U.S. Bureau of Prisons ("BOP") released Petitioner from the Danbury Federal Correctional Facility in Danbury, Connecticut. *Id*. ¶ 17. On or about the same day, ICE officers encountered Petitioner and took him into custody. *Id*. On or about June 24, 2025, ICE issued Petitioner a 90-day post order custody review ("POCR"), informing him that he would remain detained. *Id*. ¶ 18. On or about September 23, 2025, ICE mailed Petitioner's travel document request to the Consulate General of Montenegro in New York, New York. *Id*. ¶ 19. The application remains pending with the Consulate General. *Id*. On or about September 29, 2025, ICE requested Headquarters Post-Order Detention Unit ("HQPDU") to conduct a 180-day POCR

review. *Id*. ¶ 20. ICE does not have record that an application for stay of removal was filed by Petitioner. *See id.* ¶ 21.

ICE will continue to collaborate with the Consulate General of Montenegro to obtain travel documents for Petitioner. *Id*. ¶ 22. ICE does not have any information to suggest that the Consulate General of Montenegro will not issue a travel document to Petitioner. *Id*. ICE will continue to comply with the regulations regarding POCR determinations. *Id*. ¶ 23. Absent any legal impediment, ICE intends to remove Petitioner to Montenegro. *Id*. ¶ 24. Petitioner remains detained at Plymouth. *Id*. ¶ 25.

## C. Procedural History

Petitioner filed the Petition on January 2, 2026. ECF No. 1. Petitioner contends that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 ¶ 30. Petitioner primarily seeks an order from this Court to release him and to prevent his transfer outside of the District of Massachusetts. ECF No. 1 (PRAYER FOR RELIEF).

## STATUTORY AND REGULATORY PROVISIONS AT ISSUE

Petitioner's detention us lawful under 8 U.S.C. § 1231(a), as he has a final order of removal, and to the extent the Petition seeks to review the underlying order, this Court is barred from such review.

### A. Removal Proceedings and Final Orders of Removal.

Removal proceedings are initiated with the issuance of a Notice to Appear ("NTA") with the Immigration Court that has jurisdiction over the location of the individual. *See* 8 U.S.C. § 1229; 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court" by ICE.). Once an NTA is filed with the Immigration Court, the IJ "shall conduct proceedings for deciding the

inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). Such proceeding "shall be the sole and exclusive procedure for determining whether an alien may be … removed from the United States." *Id.* § 1229a(a)(3).

An alien may seek relief from removal in the immigration court and if ordered removed, may generally appeal an IJ's removal order to the BIA. *See* 8 C.F.R. § 1003.1(b) (conferring the BIA with jurisdiction over appeals from a variety of IJ decisions). Once an appeal is filed, the IJ's decision is automatically stayed until the BIA issues a decision. *Id.* § 1003.6(a). An order of removal issued by an IJ becomes a final order of removal upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a).

An alien has further administrative avenues for review and to challenge removal orders—including motions to reopen and motions to reconsider. *See generally* 8 U.S.C. § 1229a(c)(6)-(7); 8 C.F.R. §§ 1003.2, 1003.23. A motion to reopen seeks to reopen proceedings so that new evidence can be presented at an evidentiary hearing and for a new decision to be entered on a different factual record. *See Matter of L-O-G-,* 21 I. & N. Dec. 413, 418–19 (BIA 1996) (en banc). An alien can appeal an IJ's decision on a motion to reopen to the BIA and can ask the BIA for a stay of removal while that appeal is reviewed. *See* 8 C.F.R. §§ 1003.2(f), 1003.23(b)(1)(v); Immigration Court Practice Manual, https://www.justice.gov/eoir/reference-materials/ic/chapter-8/3. An alien can also seek a stay of removal from ICE by submitting a Form I-246, Application for a Stay of Deportation or Removal. https://www.ice.gov/doclib/forms/i246.pdf (last accessed June 25, 2025).

8 U.S.C. § 1252 is the statutory scheme which permits an alien to initiate judicial review of his final order of removal by filing a Petition for Review (PFR) in the judicial circuit in which his removal proceedings concluded. *See* 8 U.S.C. § 1252(a)(1) (courts of appeals have jurisdiction

to review "final order[s] of removal").  Under 8 U.S.C. § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order" of removal in a PFR. The statute restricts the availability and scope of judicial review of removal orders by expressly precluding habeas corpus jurisdiction and channeling review of such orders to the courts of appeals as "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

**B. Detention Authority for Individuals with Final Orders of Removal.**

8 U.S.C. § 1231(a)(1)(A) directs ICE to remove an individual with a final order of removal within a period of 90 days—this is known as the "removal period."  The removal period begins on the "date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i).  During the removal period, § 1231(a)(2) commands that ICE "shall detain" the final order alien.

If the 90-day removal period expires, ICE can either release an alien pursuant to an Order of Supervision as directed by Section 1231(a)(3) or may continue detention under Section 1231(a)(6).  Per Section 1231(a)(6), ICE may continue detention beyond the removal period for three categories of aliens:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;

- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or

- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal." `

*See Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021).  An alien detained beyond the removal period is not entitled to release or a bond hearing.  The Supreme Court, in *Johnson v. Arteaga-Martinez*, answered the question of "whether the text of § 1231(a)(6) requires the Government to offer detained noncitizens bond hearings after six months of detention in which the

Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." 596 U.S. 573, 574 (2022). The Court answered that question definitively, holding that Section 1231(a)(6)'s plain text, which "says nothing about bond hearings before immigration judges or burdens of proof" … "directs that we answer this question in the negative." *Id.* at 581.

## STANDARD OF REVIEW

It is axiomatic that "[t]he district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allopath Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Title 28 U.S.C. § 2241 provides district courts with jurisdiction to hear federal habeas petitions unless Congress had separately stripped the court of jurisdiction to hear the claim.

To warrant a grant of a writ of habeas corpus, the burden is on the petitioner to prove that his custody is in violation of the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner."); *Farrell v. Lanagan*, 166 F.2d 845, 847 (1st Cir. 1948) ("The burden of proof is on the petitioner to establish denial of his constitutional rights. The court must be convinced by a preponderance of evidence.").

## ARGUMENT

ICE's arrest of Petitioner to execute his final order of removal is authorized by statute and does not offend the Constitution, and therefore, no writ of habeas corpus can be extended by this Court. *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

**A.  Petitioner's Detention is Authorized by Statute and does not Offend the Constitution.**

7

Petitioner's argument that his detention is unlawful under statute and the Constitution is without merit as ICE has authority to arrest and detain individuals with final orders of removal.

8 U.S.C. § 1231(a)(1)(A) directs ICE to remove an individual with a final order of removal within a period of 90 days—this is known as the "removal period."  The removal period begins on the "date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i).  During the removal period, § 1231(a)(2) commands that ICE "shall detain" the final order alien.

If the 90-day removal period expires, ICE can either release an alien pursuant to an Order of Supervision as directed by Section 1231(a)(3) or may continue detention under Section 1231(a)(6).  Per Section 1231(a)(6), ICE may continue detention beyond the removal period for three categories of aliens:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;

- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or

- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal."

*See Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021).

Petitioner falls within the scope of Section 1231(a)(6) because he is deportable from the United States under 1227(a)(2)(A)(iii), which applies to individuals, such as Petitioner, "who is convicted of an aggravated felony at any time after admission." *See Quezada-Martinez v. Moniz*, 722 F. Supp. 3d 7, 11 (D. Mass. 2024) (Agreeing that petitioner's "detention is authorized by § 1231(a)(6)" as such "finding comports with the text of the statute as well as with recent Supreme Court precedent."); *Thai v. Hyde,* No. CV 25-11499-NMG, 2025 WL 1655489, at *2 n.1 (D. Mass. June 11, 2025) (Explaining that Section 1231(a)(6) allows for detention and removal of an alien who is inadmissible under this provision even when the removal period "has long since expired."); *Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 335 (D. Mass. 2017) (Finding ICE "has

statutory authority" under Section 1231(a)(6) to arrest and detain an inadmissible alien beyond the removal period.).[1]

Moreover, in the event that Petitioner raises a claim that Section 1231(a)(6) contains an implied limitation that requires bond hearings to consider the rationale for detention, the Supreme Court, in *Johnson v. Arteaga-Martinez*, squarely held that § 1231(a)(6) allows for detention at ICE's discretion and does not contemplate bond hearings for individuals covered by this provision. 596 U.S. 573, 574 (2022). The Supreme Court explained that Section 1231(a)(6)'s plain text "says nothing about bond hearings before immigration judges or burdens of proof" and therefore held no such statutory requirement to conduct bond hearings existed. *Id.* at 581.

Petitioner has been subject to a final order of removal since April 4, 2019, after an immigration judge ordered him removed. Exhibit 1 ¶ 14. Further, Petitioner is subject to Section 1231(a)(6) because he is deportable from the United States under 1227(a)(2)(A)(iii), as defined in 8 U.S.C. § 1101(a)(43)(G), for an aggravated felony theft offense based on his conviction for burglary in the third degree. *Id*. ¶¶ 10-11. As such, ICE has statutory authority to detain Petitioner to effectuate his removal from the United States.

### 1.    <u>Petitioner's Due Process challenge is without merit</u>.

Petitioner's general Fifth Amendment due process claim protesting his detention for purpose of removal fails, as the Supreme Court has repeatedly "recognized detention during

---

[1] To the extent Petitioner may argue that ICE cannot enforce his removal order beyond the removal period, he provides no support to this theory. *See Lin v. United States*, No. CIV.A. 5:07-CV-26, 2007 WL 951618, at *3 (S.D. Tex. Mar. 28, 2007) (Explaining that "the government now seeks to enforce removal orders issued some time ago, and there is nothing in § 1231 to indicate that the Attorney General cannot enforce those removal orders "late.").

deportation proceedings as a constitutionally valid aspect of the deportation process."[2] *Demore v. Kim*, 538 U.S. 510, 523 (2003). The First Circuit has also recognized that the "execution of removal orders is a legitimate governmental interest which detention may facilitate." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 32 (1st Cir. 2021) (cleaned up). *See also Aguilar v. U.S. Immigration and Customs Enforcement*, 510 F.3d 1, 22 (1st Cir. 2007) (Recognizing the government's "legitimate interest in effectuating detentions pending the removal of persons illegally in the country.")

Similarly, as stated recently by this court, "[s]ome period of detention prior to deportation is constitutionally valid." *Thai,* 2025 WL 1655489, at *2. *See also Dambrosio v. McDonald, Jr.*, No. 25-CV-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (Recognizing that detention "for a period of less than three months' time … does not amount to an unconstitutional duration."); *Rodriguez-Guardado*, 271 F. Supp. 3d at 335 ("as petition has been detained for approximately two months as of this date, the length of his detention does not offend due process.").

Petitioner had the opportunity to appeal his order of removal, and raise any claim that he cannot be removed to Montenegro, to the Board of Immigration Appeals, file a motion to reopen, and seek judicial review with the appropriate circuit court, and has not done so. *See generally* 8 U.S.C. § 1229a(c)(6)-(7); 8 C.F.R. §§ 1003.2, 1003.23; *see also* Exhibit 1 ¶¶ 6-25; ECF No. 1 ¶¶ 16-27. Although Petitioner claims he filed a stay of removal from ICE by submitting a Form I-

---

[2] Petitioner has not alleged any facts in the Petition, sufficient to meet his burden of proof, to show a violation of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13 by Respondents. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) (citing cases); *see also Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996) ("It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States.").

246, Application for a Stay of Deportation or Removal, ICE does not have record of such a request. See *Id.* ¶ 21; *see also* https://www.ice.gov/doclib/forms/i246.pdf (last accessed Dec. 3, 2025). Moreover, per AFOD Chan, Petitioner has received the appropriate post-order custody reviews. Exhibit 1 ¶¶ 18-23.

Although the Petitioner claims for various reasons that ICE cannot remove him to Montenegro because he is not a citizen thereof, this Court should not find he demonstrated "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *Id.* at 701. Here, while Petitioner has been held for more than six months, the *Zadvydas* Court explained that this "does not mean that every alien not removed must be released after six months." *Id.* Instead, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* In analyzing the likelihood of removal, courts consider a variety of factors, including the existence of a repatriation agreement with the target country, the target country's prior record of accepting removed aliens, and specific assurances from the target country regarding its willingness to accept an alien. *Callender v. Shanahan*, 281 F. Supp. 3d 428, 436-37 (S.D.N.Y. 2017). ICE mailed a travel document request to the Consulate General of Montenegro in September 2025, and continues to work with the Montenegrin Consulate to obtain a travel document, to which ICE does not have any information that he will be denied such a document. Exhibit 1 ¶¶ 19, 22 . Petitioner did not submit any evidence to support his claim that he "does not have legal status in Montenegro, former Yugoslavia," or that he "cannot apply for legal status in Montenegro based on his parents' birth [there]. . . [or that his] parents current U.S. citizenship disqualifies Petitioner from obtaining Montenegrin citizenship by descent. . ." ECF No. 1 ¶¶ 22-

11

23. As such, the Court should not find there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

As such, Petitioner's claim that his detention violates 8 U.S.C. § 1231 and the Constitution is without merit.

## CONCLUSION

For the above reasons, the Petition should be denied because Petitioner's detention is permitted by statute and the Constitution.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated:  January 8, 2026

By:     */s/ Erica McMahon*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

## CERTIFICATE OF SERVICE

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: January 8, 2026

By: */s/ Erica McMahon*
Special Assistant United States Attorney